

**ROBIN L. HOOTER**
CLERK OF COURT ✿ RAPIDES PARISH
P. O. Box 952, Alexandria, Louisiana 71309

Phone (318) 473-8153          Fax (318) 473-4667          Civil Fax (318) 619-5877
www.rapidesclerk.org

TO:  <u>Nelson Cameron</u>

FROM:  <u>Rapides C of C</u>          NO. OF PAGES: ___9___

# FAX RECEIPT



PLEASE ATTACH TO **FRONT PAGE** OF ORIGINAL PLEADING
OR YOUR ORIGINAL SUIT MAY NOT BE FILED TIMELY.
PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

THE SUIT NUMBER ASSIGNED TO THIS CASE IS ___261,718 A___

AMOUNT DUE $ ___505___

### FAX LAW (13:850)

§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

## ATTENTION FILING CLERK
### THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.
## FILE IMMEDIATELY

Revised 9/30/16

49160

**EXHIBIT A**

**NELSON W. CAMERON**
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
Telephone: (318) 226-0111
Telecopier: (318) 226-0760

PLEASE REMIT_____ $505

TO: ROBIN L. HOOTER
Clerk of Court
P.O. Box 952
Alexandria, LA 71309

## FACSIMILE TRANSMITTAL

**RECEIVED FILED**
9 Pgs

DATE: <u>April 19, 2018</u>          FILE NO.# _____

TO: <u>Rapides Parish Clerk of Court</u>
<u>Civil Filings</u>          FAX NO.# **(318) 487-9361**

RE: <u>LaDonna D. Michot and Burton Michot vs. Edward D. Jones &</u>

<u>Co., LP, and Larry Hair</u>

DOCUMENT DESCRIPTION: <u>Plaintiffs' Petition for Damages and Trial</u>

<u>by Jury and Request for Ten Days Notice of Setting and Judgment</u>

COMMENTS TO RECEIVER: <u>Please fax file.  The original will be put</u>

<u>in the mail tomorrow.</u>

NUMBER OF PAGES INCLUDING THIS PAGE <u>9</u>

FAXED BY: <u>Bonnie Rains</u>

FILED & RECORDED
ROBIN L. HOOTER
CLERK OF COURT
2018 APR 20 PM 1:__
BY_____
DY CLERK & RECORDER
RAPIDES PARISH, LA

\*     The information contained in this facsimile message is privileged and
confidential information intended for the use of the addressee only. **If
you are not the intended recipient** or the employee or agent responsible to
deliver this message to the intended recipient, **you are strictly prohibited
from using this transmission in any fashion except to return it to Nelson
W. Cameron.**   CONTACT THE SENDER BY TELEPHONE IMMEDIATELY.



# Nelson W. Cameron

*Attorney at Law*

*675 Jordan Street*

*Shreveport, Louisiana 71101*

April 19, 2018

(318) 226-0111
Fax No. (318) 226-0760

Lewis House

<u>Via Fax and U.S. Mail:</u>

Honorable Robin L. Hooter
Rapides Parish Clerk of Court
Attn.: Civil Department
P. O. Box 952
Alexandria, LA 71309

261.718   A



Re:   LaDonna D. Michot and Burton Michot vs. Edward D. Jones & Co., LP
and Larry Hair, 9th Judicial District Court, Rapides Parish, Louisiana

Dear Honorable Hooter:

Enclosed please find the Petition for Damages and Trial by Jury and the Request for Ten Days Notice of Setting and Judgment to be faxed filed today. The following named defendants need to be served:

Edward D. Jones & Co., L.P.
Through its registered agent
C T Corporation System
3887 Plaza Tower Dr.
Baton Rouge, LA 70816

and

Larry Hair
5120 Monroe Hwy, Suite C
Ball, LA 71405

The original Petition for Damages and Trial by Jury and Request for Ten Days Notice of Setting and Judgment will be mailed tomorrow with the filing fee attached.

If you have any questions, please call or write.

Sincerely yours,

Nelson W. Cameron

NWC/br

Enclosures

cc:    LaDonna D. Michot
       Burton Michot

LADONNA D. MICHOT
AND BURTON MICHOT

DOCKET NO. 261, 718 A

VS.

9TH JUDICIAL DISTRICT COURT

EDWARD D JONES & CO, LP and
LARRY HAIR

RAPIDES PARISH, LOUISIANA

## PETITION FOR DAMAGES AND TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes **LADONNA MICHOT**
and **BURTON MICHOT,** husband and wife, Plaintiffs herein, domiciled in Rapides
Parish, Louisiana, who respectfully represent that:

I.

LADONNA DELRIE MICHOT and BURTON MICHOT's are domiciled in Rapides
Parish, Louisiana, in Pineville, LA.   At all times relevant herein, they are married.

II.

Made Defendants herein are

(1)  EDWARD D. JONES & CO., L.P., ("EDWARD D JONES") a foreign
corporation licensed to do and doing business in the State of Louisiana.  EDWARD D.
JONES & CO., L.P. is a partnership. It employs more than fifteen employees.
EDWARD D. JONES & CO., L.P.'s  principal office is at 12555 MANCHESTER RD. ST.
LOUIS, MO 63131.  Its registered agent is C T CORPORATION SYSTEM, 3867 PLAZA
TOWER DR., BATON ROUGE, LA 70816.

(2) LARRY HAIR, an individual domiciled in Rapides Parish. He was Plaintiff
LADONNA MICHOT's supervisor at EDWARD D JONES.

III.

Ms. Michot worked at two locations of Defendant over the past 12 years.  Mrs.
Michot worked in the Ball , Louisiana area and location until about May 3, 2017.  She
last worked at 5531 Monroe Hwy., Ball, La.

**IV.**

Mrs. Michot first became employed by Defendant EDWARD D JONES over twelve years ago in March 2005. She transferred to the Ball, La. area in April 2015. She was a Sr. Branch Office Administrator, earning $17.80 per hour. She performed her duties that were outstanding or exceeded expectations per yearly employee evaluations. She went on leave from her employment due to sexual harassment by Larry Hair, the Financial Advisor. Plaintiff suffered severe mental distress including PTSD and major depression due to the sexual harassment. Her last day was May 3, 2017. She has been out on leave until terminated effective February 12, 2018.

**V.**

Mrs. Michot worked at a branch office in Alexandria, La. in 2012. Her replacement supervisor, the financial advisor, was Mark Pritchard. She reported verbal harassment, rude and disrespectful behavior which was due to her gender. Some of the harassing statements are, but not limited to:

1. Mr. Pritchard repeatedly referred to clients as "dumb mother-f**kers" in her presence.

2. Mr. Pritchard stated, " I got arrested again and I got a fucking DUI now I have a f**king breathalyzer on my truck to allow it to start".

3. Mr. Pritchard phoned, "I can't come to work right now I got f**ked up last night and I am hung over". (Missed a scheduled meeting with an auditor, Delores Mecham, in the office due to a hangover).

4. Mr. Pritchard stated, "That was just a dumbass BOA, so she does not know what she is talking about. (Referring to a female branch manager in the regional leader's office)

After the reports, Pritchard's behavior became more intense. Mrs. Michot transferred to the Ball branch and Mark Pritchard remained in his office. Mr. Pritchard retaliated by initiating a claim to human resources of an improper letter being mailed to clients after Mrs. Michot transferred when clients began transferring to her branch. EDWARD

JONES became aware of these acts but failed to take prompt remedial action to protect female employees from harassment and other gender discrimination.

## VI.

Beginning sometime around April 2015, there was an opening available in a Ball, La. branch office. Mr. Larry Hair became Mrs. Michot's supervisor. Like Pritchard, Hair had the power to hire and fire. He could approve raises and vacation.

## VII.

Beginning around February 2016 after her transfer, and after Hair became her supervisor, Larry Hair committed unwelcome sexually offensive acts against Mrs. Michot at the Alexandria office where she worked on a regular ongoing weekly and sometimes daily basis including but not limited to:

1. Slapping her on the butt.

2. Sexually offensive language. Hare commented on Mrs. Michot's body and told her things he wanted to do to her sexually. Mrs. Michot found these things offensive and told Mr. Hare that she did not care for the language.

3. Sexual assault. Rubbing and squeezing her breasts under her shirt and bra. Hair placed his hands on Mrs. Michot's breasts without her consent. The last assault happened April 26, 2017.

4. Hair grabbed and touched Mrs. Michot's body aggressively, putting his hands down her pants and squeezing her buttocks.

5. He pinned her up against a wall in the hallway and would grope her as she attempted to go the bathroom.

Mrs. Michot made a written complaint to Edward Jones which details some of these episodes. The complaint is attached and incorporated herein by reference. See Exhibit A. The complaint is signed Ladonna Delrie Michot.

## VIII.

Mrs. Michot reported Mr. Hair. EDWARD JONES investigated. Mr. Hair reportedly admitted to the acts. Mr. Hair was fired. Mrs. Michot has not returned to

-3-

work but is out on FMLA leave due to her PTSD and major depression.

### IX.

Mrs. Michot told Mr. Hair to stop the things he was doing.  She reminded him he was married and had children.  She suggested he get counseling.  Hair's sexually offensive conduct was unwelcome.

### X.

Based upon information and belief, Mr. Hair had committed acts of sexually offensive nature before his encounters with Mrs. Michot. These acts should have been known to EDWARD D JONES.  Further EDWARD D JONES knew or should have known that the business model used in remote areas was conducive to sexual harassment and other discriminatory treatment of women.  A branch office had two employees only: one male supervisor and one female subordinate.  Almost without exception the male was always the supervisor and the female was the subordinate.

### XI.

Mrs. Michot has also as a part of her duties, been a Mentor for Edward Jones for her district. The district encompassed parts of middle and southwestern Louisiana.  As a part of her mentor duties, she communicates with other administrators about their experiences on the job.  She is aware of other administrators filing complaints of harassment against financial advisors.  She has become aware that financial advisors have retaliated against the reporter of harassment.

### XII.

Mrs. Michot brings this Petition alleging that EDWARD JONES tolerated sexual harassment and retaliation arising under Louisiana state law.  Mrs. Michot also brings claim against Hair and his employer EDWARD D. JONES for sexual battery and sexual harassment . Hair with knowledge of EDWARD D. JONES engaged in a concerted and continuing action to both batter and sexually harass Plaintiff Ms. Michot.  Hair was acting in the course and scope of his employment with EDWARD D. JONES when he committed repeated acts of battery and intentional infliction of mental distress of a

continuous nature. This Petition does not contain all details associated with the allegations or each and every act of battery or sexual harassment but enough information is provided to place Defendants on notice of the Plaintiffs' claims.

XIII.

Plaintiffs suffered damages including compensatory damages, consequential damages, mental distress, embarrassment, humiliation, degradation, anxiety, invasion of privacy, loss of consortium, society, love and affection.

WHEREFORE Plaintiffs B MICHOT and LADONNA MICHOT pray that:

I.    Judgment against Defendants EDWARD D. JONES and LARRY HAIR, in solido, be rendered in their favor awarding a reasonable amount in damages plus judicial interest from date of demand plus attorney fees and all costs of court.

II.   They be granted a trial by jury.

Respectfully Submitted:

Nelson W. Cameron
Attorney at Law
Bar number 01283
675 Jordan Street
Shreveport, La 71101
(318) 226-0111

**ATTORNEY FOR PLAINTIFFS**

**Please Serve Defendants**

EDWARD D. JONES & CO., L.P.,
Through its registered agent
C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.,
BATON ROUGE, LA 70816

LARRY HAIR
5120 Monroe Hwy Suite C
Ball, LA 71405

-5-

LADONNA D. MICHOT
AND BURTON MICHOT

DOCKET NO. 261,718

VS.

9TH JUDICIAL DISTRICT COURT

EDWARD D JONES & CO, LP and
LARRY HAIR

RAPIDES PARISH, LOUISIANA

SECTION "_____"

### REQUEST FOR TEN DAYS NOTICE OF SETTING AND JUDGMENT

NOW INTO COURT, through undersigned counsel, come LADONNA D.

MICHOT AND BURTON MICHOT, Plaintiffs herein, who respectfully request that they

be given at least ten (10) days written notice in advance of any setting in the above

captioned matter, whether same be for trial, hearing, or other proceedings, in

accordance with the provisions of Article 1572, Louisiana Code of Civil Procedure.

Appearers further request written notice of any judgment or interlocutory order

rendered herein in accordance with the provisions of Article 1913 et seq., Louisiana

Code of Civil Procedure.

Respectfully Submitted:

_____
Nelson W. Cameron
Attorney at Law
Bar number 01283
675 Jordan Street
Shreveport, La 71101
(318) 226-0111

**ATTORNEY FOR PLAINTIFFS**

-6-



Lewis House

# *Nelson W. Cameron*

*Attorney at Law*
*675 Jordan Street*
*Shreveport, Louisiana 71101*

*(318) 226-0111*
*Fax No. (318) 226-0760*

April 19, 2018

<u>Via Fax and U.S. Mail:</u>

Honorable Robin L. Hooter
Rapides Parish Clerk of Court
Attn.: Civil Department
P. O. Box 952
Alexandria, LA 71309

     Re:    LaDonna D. Michot and Burton Michot vs. Edward D. Jones & Co., LP
              and Larry Hair, 9th Judicial District Court, Rapides Parish, Louisiana

Dear Honorable Hooter:

    Enclosed please find the Petition for Damages and Trial by Jury and the Request for Ten Days Notice of Setting and Judgment to be faxed filed today. The following named defendants need to be served:

    Edward D. Jones & Co., L.P.
    Through its registered agent
    C T Corporation System
    3867 Plaza Tower Dr.
    Baton Rouge, LA 70816

    and

    Larry Hair
    5120 Monroe Hwy, Suite C
    Ball, LA 71405

    The original Petition for Damages and Trial by Jury and Request for Ten Days Notice of Setting and Judgment will be mailed tomorrow with the filing fee attached.

    If you have any questions, please call or write.

Sincerely yours,

Nelson W. Cameron

NWC/br

Enclosures

cc:    LaDonna D. Michot
        Burton Michot



# ROBIN L. HOOTER
## CLERK OF COURT ✚ RAPIDES PARISH
### P. O. Box 952, Alexandria, Louisiana 71309

Phone (318) 473-8153          Fax (318) 473-4667          Civil Fax (318) 619-5877
www.rapidesclerk.org

TO: _____ Nelson Cameron _____

FROM: _____ Rapides C of C _____     NO. OF PAGES: __9__



# FAX RECEIPT

➡➡➡ PLEASE ATTACH TO **FRONT PAGE** OF ORIGINAL PLEADING
OR YOUR ORIGINAL SUIT MAY NOT BE FILED TIMELY.
PLACE NEW SUIT NUMBER ON ALL PLEADINGS.

THE SUIT NUMBER ASSIGNED TO THIS CASE IS _____ 261,718 A

AMOUNT DUE $ _____ 505

## FAX LAW (13:850)

§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

## ATTENTION FILING CLERK
### THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.
## FILE IMMEDIATELY

Revised 9/30/16

4 9160

LADONNA D. MICHOT                              DOCKET NO. 261,718 A
AND BURTON MICHOT

VS.                                           9TH JUDICIAL DISTRICT COURT

EDWARD D JONES & CO, LP and
LARRY HAIR                                    RAPIDES PARISH, LOUISIANA

<u>**PETITION FOR DAMAGES AND TRIAL BY JURY**</u>

NOW INTO COURT, through undersigned counsel, comes **LADONNA MICHOT**

**and BURTON MICHOT,** husband and wife, Plaintiffs herein, domiciled in Rapides

Parish, Louisiana, who respectfully represent that:

I.

LADONNA DELRIE MICHOT and BURTON MICHOT's are domiciled in Rapides

Parish, Louisiana, in Pineville, LA.   At all times relevant herein, they are married.

II.

Made Defendants herein are

(1)  EDWARD D. JONES & CO., L.P., ("EDWARD D JONES") a foreign

corporation licensed to do and doing business in the State of Louisiana.  EDWARD D.

JONES & CO., L.P. is a partnership. It  employs more than fifteen employees.

EDWARD D. JONES & CO., L.P.'s  principal office is at 12555 MANCHESTER RD. ST.

LOUIS, MO 63131.  Its registered agent is C T CORPORATION SYSTEM, 3867 PLAZA

TOWER DR., BATON ROUGE, LA 70816.

(2) LARRY HAIR, an individual domiciled in Rapides Parish. He was Plaintiff

LADONNA MICHOT's supervisor at EDWARD D JONES.

III.

Ms. Michot worked at two locations of Defendant over the past 12 years.  Mrs.

Michot worked in the Ball , Louisiana area and location until about May 3, 2017.  She

last worked at 5531 Monroe Hwy., Ball, La.

**IV.**

Mrs. Michot first became employed by Defendant EDWARD D JONES over twelve years ago in March 2005.  She transferred to the Ball, La. area in April 2015. She was a Sr. Branch Office Administrator, earning $17.80 per hour.  She performed her duties that were outstanding or exceeded expectations per yearly employee evaluations.  She went on leave from her employment due to sexual harassment by Larry Hair, the Financial Advisor.  Plaintiff suffered severe mental distress including PTSD and major depression due to the sexual harassment.  Her last day was May 3, 2017.  She has been out on leave until terminated effective February 12, 2018.

**V.**

Mrs. Michot worked at a branch office in Alexandria, La. in 2012.  Her replacement supervisor, the financial advisor, was Mark Pritchard.  She reported verbal harassment, rude and disrespectful behavior which was due to her gender. Some of the harassing statements are, but not limited to:

1.     Mr. Pritchard repeatedly referred to clients as "dumb mother-f**kers" in her presence.

2.     Mr. Pritchard stated, " I got arrested again and I got a fucking DUI now I have a f**king breathalyzer on my truck to allow it to start".

3.     Mr. Pritchard phoned, "I can't come to work right now I got f**ked up last night and I am hung over".  (Missed a scheduled meeting with an auditor, Delores Mecham, in the office due to a hangover).

4.     Mr. Pritchard stated, "That was just a dumbass BOA, so she does not know what she is talking about.  (Referring to a female branch manager in the regional leader's office)

After the reports, Pritchard's behavior became more intense.  Mrs. Michot transferred to the Ball branch and Mark Pritchard remained in his office.  Mr. Pritchard retaliated by initiating a claim to human resources of an improper letter being mailed to clients after Mrs. Michot transferred when clients began transferring to her branch.  EDWARD

-2-

JONES became aware of these acts but failed to take prompt remedial action to protect female employees from harassment and other gender discrimination.

**VI.**

Beginning sometime around April 2015, there was an opening available in a Ball, La. branch office. Mr. Larry Hair became Mrs. Michot's supervisor. Like Pritchard, Hair had the power to hire and fire. He could approve raises and vacation.

**VII.**

Beginning around February 2016 after her transfer, and after Hair became her supervisor, Larry Hair committed unwelcome sexually offensive acts against Mrs. Michot at the Alexandria office where she worked on a regular ongoing weekly and sometimes daily basis including but not limited to:

1.   Slapping her on the butt.

2.   Sexually offensive language. Hare commented on Mrs. Michot's body and told her things he wanted to do to her sexually. Mrs. Michot found these things offensive and told Mr. Hare that she did not care for the language.

3.   Sexual assault. Rubbing and squeezing her breasts under her shirt and bra. Hair placed his hands on Mrs. Michot's breasts without her consent. The last assault happened April 26, 2017.

4.   Hair grabbed and touched Mrs. Michot's body aggressively, putting his hands down her pants and squeezing her buttocks.

5.   He pinned her up against a wall in the hallway and would grope her as she attempted to go the bathroom.

Mrs. Michot made a written complaint to Edward Jones which details some of these episodes. The complaint is attached and incorporated herein by reference. See Exhibit A. The complaint is signed Ladonna Delrie Michot.

**VIII.**

Mrs. Michot reported Mr. Hair. EDWARD JONES investigated. Mr. Hair reportedly admitted to the acts. Mr. Hair was fired. Mrs. Michot has not returned to

-3-

work but is out on FMLA leave due to her PTSD and major depression.

### IX.

Mrs. Michot told Mr. Hair to stop the things he was doing.  She reminded him he was married and had children.  She suggested he get counseling.  Hair's sexually offensive conduct was unwelcome.

### X.

Based upon information and belief, Mr. Hair had committed acts of sexually offensive nature before his encounters with Mrs. Michot.  These acts should have been known to EDWARD D JONES.  Further EDWARD D JONES knew or should have known that the business model used in remote areas was conducive to sexual harassment and other discriminatory treatment of women.  A branch office had two employees only: one male supervisor and one female subordinate.  Almost without exception the male was always the supervisor and the female was the subordinate.

### XI.

Mrs. Michot has also as a part of her duties, been a Mentor for Edward Jones for her district. The district encompassed parts of middle and southwestern Louisiana.  As a part of her mentor duties, she communicates with other administrators about their experiences on the job.  She is aware of other administrators filing complaints of harassment against financial advisors.  She has become aware that financial advisors have retaliated against the reporter of harassment.

### XII.

Mrs. Michot brings this Petition alleging that EDWARD JONES tolerated sexual harassment and retaliation arising under Louisiana state law.  Mrs. Michot also brings claim against Hair and his employer EDWARD D. JONES for sexual battery and sexual harassment .  Hair with knowledge of EDWARD D. JONES engaged in a concerted and continuing action to both batter and sexually harass Plaintiff Ms. Michot.  Hair was acting in the course and scope of his employment with EDWARD D. JONES when he committed repeated acts of battery and intentional infliction of mental distress of a

-4-

continuous nature.  This Petition does not contain all details associated with the allegations or each and every act of battery or sexual harassment but enough information is provided to place Defendants on notice of the Plaintiffs' claims.

**XIII.**

Plaintiffs suffered damages including compensatory damages, consequential damages, mental distress, embarrassment, humiliation, degradation, anxiety, invasion of privacy, loss of consortium, society, love and affection.

WHEREFORE Plaintiffs B MICHOT and LADONNA MICHOT pray that:

I.      Judgment against Defendants EDWARD D. JONES and LARRY HAIR, in solido, be rendered in their favor awarding a reasonable amount in damages plus judicial interest from date of demand plus attorney fees and all costs of court.

II.     They be granted a trial by jury.

Respectfully Submitted:

_____
Nelson W. Cameron
Attorney at Law
Bar number 01283
675 Jordan Street
Shreveport, La 71101
(318) 226-0111

**ATTORNEY FOR PLAINTIFFS**

**Please Serve Defendants**

EDWARD D. JONES & CO., L.P.,
Through its registered agent
C T CORPORATION SYSTEM
3867 PLAZA TOWER DR.,
BATON ROUGE, LA 70816

LARRY HAIR
5120 Monroe Hwy Suite C
Ball, LA 71405

-5-

LADONNA D. MICHOT                          DOCKET NO. 261,718 A
AND BURTON MICHOT

VS.                                        9TH JUDICIAL DISTRICT COURT

EDWARD D JONES & CO, LP and
LARRY HAIR                                 RAPIDES PARISH, LOUISIANA

SECTION "_____"

## REQUEST FOR TEN DAYS NOTICE OF SETTING AND JUDGMENT

NOW INTO COURT, through undersigned counsel, come LADONNA D.

MICHOT AND BURTON MICHOT, Plaintiffs herein, who respectfully request that they

be given at least ten (10) days written notice in advance of any setting in the above

captioned matter, whether same be for trial, hearing, or other proceedings, in

accordance with the provisions of Article 1572, Louisiana Code of Civil Procedure.

Appearers further request written notice of any judgment or interlocutory order

rendered herein in accordance with the provisions of Article 1913 et seq., Louisiana

Code of Civil Procedure.

Respectfully Submitted,

_____
Nelson W. Cameron
Attorney at Law
Bar number 01283
675 Jordan Street
Shreveport, La 71101
(318) 226-0111

**ATTORNEY FOR PLAINTIFFS**

-6-

# ROBIN L. HOOTER
## CLERK OF COURT ✤ RAPIDES PARISH
P. O. Box 952, Alexandria, Louisiana 71309

Phone (318) 473-8153     Fax (318) 473-4667     Civil Fax (318) 487-9361
www.rapidesclerk.org

CITATION                          NO. 261,718     A

LADONNA D MICHOT ET AL            || NINTH JUDICIAL DISTRICT COURT
VERSUS                            || PARISH OF RAPIDES
EDWARD D JONES & CO LP ET AL      || STATE OF LOUISIANA

TO: LARRY HAIR
    5120 MONROE HWY SUITE C
    BALL LA  71405-0000
    RAPIDES PARISH

    YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMAND CONTAINED IN THE PLEADING(S) FILED IN THE ABOVE ENTITLED
AND NUMBERED CAUSE, A DULY CERTIFIED COPY IS ATTACHED AND TO BE SERVED, OR FILE YOUR ANSWER OR OTHER PLEADINGS
IN THE OFFICE OF THE CLERK OF THE NINTH JUDICIAL DISTRICT COURT, RAPIDES PARISH, CITY OF ALEXANDRIA, WITHIN
FIFTEEN(15) DAYS AFTER SERVICE HEREOF.  YOU MAY FILE YOUR WRITTEN ANSWER OR PLEADING IN PERSON OR BY MAIL.
IF YOU FILE BY MAIL, THE PLEADING MUST BE RECEIVED BY THE 15TH DAY.  YOUR FAILURE TO COMPLY WILL SUBJECT YOU
TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

    WITNESS THE HONORABLES, THE JUDGES OF SAID COURT, AT ALEXANDRIA, LOUISIANA,
THIS 27TH DAY OF APRIL,  2018.

THE FOLLOWING PLEADINGS ARE ATTACHED FOR SERVICE: PETITION FOR DAMAGES AND TRIAL BY JURY.

                                        ROBIN L. HOOTER
                                        Clerk of Court

NELSON W CAMERON
675 JORDAN STREET
SHREVEPORT LA  71101-0000               BY
Filing Attorney                            Deputy Clerk of Court

            SHERIFF STAMP BELOW
            --------------------

                SHERIFFS RETURN
        DATE SERVED: 04-30-18
        PERSONAL SERVICE: ✓
        DOMICILIARY SERVICE: _____
        DEPARTMENTAL SERVICE: _____
        PERSON SERVED: _____
        RELATIONSHIP: _____
        BY: _____
            Deputy Sheriff, Rapides Parish
        MILEAGE: 20

0234037                                     805

RAPIDES PARISH SHERIFF'S OFFICE
P.O. BOX 1510
ALEXANDRIA, LOUISIANA  71301

4/27/18

I M P O R T A N T

INFORMATION TO BE RETURNED TO SHERIFF'S OFFICE, CIVIL SECTION.

SUIT #:     261718

LADONNA D MICHOT ET AL
VERSUS
EDWARD D JONES & CO LP ET AL


TO: LARRY HAIR
    5120 MONROE HWY SUITE C

    BALL            LA  71405-0000

TYPE OF PAPERS TO BE SERVED:  CIT & PET

_√_  SERVICE PERSONAL

___  SERVICE DOMICILIARY THRU: _____

___  SERVICE DEPARTMENTAL THRU: _____

___  SERVICE NOT MADE   (SEE COMMENTS)

|  | DATE | TIME | MILEAGE | WHO SERVED OR COMMENTS |
|---|---|---|---|---|
| 1) | 04-30-18 | 1350 | 20 | _X_ ~~~~~~~~~ |
|  |  |  |  | LARRY HAIR |
| 2) | | | | |
| 3) | | | | |

TOTAL MILEAGE  20

04-30-18
DATE

ODOMETER READING _____

_____
DEPUTY SHERIFF

RAPIDES PARISH CLERK OF COURT ALEXANDRIA, LA

NO. 209862

261,718    LADONNA D MICHOT    VS EDWARD D JONES & CO LP    ET AL    39.36

*Robin L. Hooter*
**RAPIDES PARISH CLERK OF COURT**
P.O. BOX 952
ALEXANDRIA, LA 71309-0952

**RED RIVER BANK**
ALEXANDRIA, LOUISIANA

84-526/652

NO. **209862**

**CHECK NO.**

209862

**DATE**

4/30/18

**AMOUNT**

39.36

Thirty Nine and 36/100 Dollars

**PAY TO THE ORDER OF**

EAST BATON ROUGE PARISH SHERIFF'S DEPT.
ATTN:  CIVIL PROCESSING DEPT.
P. O. BOX 3277
BATON ROUGE, LA  70821-0000

VOID AFTER 180 DAYS

ADVANCE DEPOSIT FUND II CLERK OF COURT

⑈209862⑈ ⑆065205264⑇ 231⑈359⑈1⑈



# ROBIN L. HOOTER
## CLERK OF COURT ✦ RAPIDES PARISH
P. O. Box 952, Alexandria, Louisiana 71309

| Phone (318) 473-8153 | Fax (318) 473-4667 | Civil Fax (318) 487-9361 |

www.rapidesclerk.org

CITATION                          NO. 261,718      A

LADONNA D MICHOT ET AL                    ||  NINTH JUDICIAL DISTRICT COURT
VERSUS                                    ||  PARISH OF RAPIDES
EDWARD D JONES & CO LP ET AL              ||  STATE OF LOUISIANA

TO: EDWARD D JONES & CO LP
    THRU AGENT CT CORPORATION SYS 3867 PLAZA TOWER DR
    BATON ROUGE LA  70816-0000
    EAST BATON ROUGE PARISH

    YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMAND CONTAINED IN THE PLEADING(S) FILED IN THE ABOVE ENTITLED
AND NUMBERED CAUSE, A DULY CERTIFIED COPY IS ATTACHED AND TO BE SERVED, OR FILE YOUR ANSWER OR OTHER PLEADINGS
IN THE OFFICE OF THE CLERK OF THE NINTH JUDICIAL DISTRICT COURT, RAPIDES PARISH, CITY OF ALEXANDRIA, WITHIN
FIFTEEN(15) DAYS AFTER SERVICE HEREOF.  YOU MAY FILE YOUR WRITTEN ANSWER OR PLEADING IN PERSON OR BY MAIL.
IF YOU FILE BY MAIL, THE PLEADING MUST BE RECEIVED BY THE 15TH DAY.  YOUR FAILURE TO COMPLY WILL SUBJECT YOU
TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

    WITNESS THE HONORABLES, THE JUDGES OF SAID COURT, AT ALEXANDRIA, LOUISIANA,
THIS 27TH DAY OF APRIL,  2018.

THE FOLLOWING PLEADINGS ARE ATTACHED FOR SERVICE: PETITION FOR DAMAGES AND TRIAL BY JURY.


                                    ROBIN L. HOOTER
                                    Clerk of Court

NELSON W CAMERON                    BY
675 JORDAN STREET
SHREVEPORT LA  71101-0000           Deputy Clerk of Court
Filing Attorney

                        SHERIFF STAMP BELOW
                        --------------------


    0234037                              805



Michot worked in the Ball , Louisiana area and location until about May 3, 2017.  She

last worked at 5531 Monroe Hwy., Ball, La.

# ROBIN L. HOOTER
## CLERK OF COURT ✤ RAPIDES PARISH
### P. O. Box 952, Alexandria, Louisiana 71309

| Phone (318) 473-8153 | Fax (318) 473-4667 | Civil Fax (318) 487-9361 |
|---|---|---|
| | www.rapidesclerk.org | |

CITATION                         NO. 261,718      A

LADONNA D MICHOT ET AL              || NINTH JUDICIAL DISTRICT COURT
VERSUS                              || PARISH OF RAPIDES
EDWARD D JONES & CO LP ET AL        || STATE OF LOUISIANA

TO: EDWARD D JONES & CO LP
    THRU AGENT CT CORPORATION SYS 3867 PLAZA TOWER DR
    BATON ROUGE LA  70816-0000
    EAST BATON ROUGE PARISH

    YOU ARE HEREBY SUMMONED TO COMPLY WITH THE DEMAND CONTAINED IN THE PLEADING(S) FILED IN THE ABOVE ENTITLED
AND NUMBERED CAUSE, A DULY CERTIFIED COPY IS ATTACHED AND TO BE SERVED, OR FILE YOUR ANSWER OR OTHER PLEADINGS
IN THE OFFICE OF THE CLERK OF THE NINTH JUDICIAL DISTRICT COURT, RAPIDES PARISH, CITY OF ALEXANDRIA, WITHIN
FIFTEEN(15) DAYS AFTER SERVICE HEREOF.  YOU MAY FILE YOUR WRITTEN ANSWER OR PLEADING IN PERSON OR BY MAIL.
IF YOU FILE BY MAIL, THE PLEADING MUST BE RECEIVED BY THE 15TH DAY.  YOUR FAILURE TO COMPLY WILL SUBJECT YOU
TO THE PENALTY OF ENTRY OF DEFAULT JUDGMENT AGAINST YOU.

    WITNESS THE HONORABLES, THE JUDGES OF SAID COURT, AT ALEXANDRIA, LOUISIANA,
THIS 27TH DAY OF APRIL,  2018.

THE FOLLOWING PLEADINGS ARE ATTACHED FOR SERVICE: PETITION FOR DAMAGES AND TRIAL BY JURY.


                                     ROBIN L. HOOTER
                                     Clerk of Court

NELSON W CAMERON
675 JORDAN STREET
SHREVEPORT LA  71101-0000            BY _____
Filing Attorney                          Deputy Clerk of Court

          _____
          SHERIFF STAMP BELOW
          -------------------

                              I made service on the named party through the
                                        CT Corporation

                              MAY 14 2018

                    by tendering a copy of this document to
              ☐ Jeannine Beauregard    ☐ Brenna Beauregard
                   ☐ E. ☐ Alyson Reed

                 Deputy Sheriff, Parish of East Baton Rouge, Louisiana


                              RECEIVED

                              MAY 12 2018

                         E.B.R. SHERIFF'S OFFICE

0234037                          805



LEO GOLD (1907 - 1987)
GEORGE B. HALL (1924 - 1971)
PEGGY D. ST. JOHN (1953 - 2017)

CHARLES S. WEEMS, III [1]
EUGENE J. SUES
EDWARD E. RUNDELL [2]
SAM N. POOLE, JR.
RANDALL L. WILMORE
DORRELL J. BRISTER [1,2,3]
GREGORY B. UPTON
RANDALL M. SEESER
MICHAEL J. O'SHEE
BRANDON A. SUES
TREVOR S. FRY [2]
BRADLEY L. DRELL [4]
STEVEN M. OXENHANDLER
STEPHEN A. LAFLEUR
HEATHER M. MATHEWS
SARAH SPRUILL COUVILLON
B. GENE TAYLOR, III
JONATHAN D. STOKES [5]
LESLIE E. HALLE [3]
LEISA B. LAWSON
EVELYN I. BREITHAUPT [2]

KAY H. MICHIELS
MARTHA R. CRENSHAW [6]
JOSHUA J. DARA, JR
M. ALLISON JOHNSON
LORI R. DOWELL
CHELSEA M. TANNER [2]
KATILYN M. HOLLOWELL

OF COUNSEL:
CAMILLE F. GRAVEL (1915 - 2005)
HENRY B. BRUSER, III
ROBERT G. NIDA
F. A. LITTLE, JR., U.S. Dist. Judge (Ret.)

[1]  SPECIALIST IN TAXATION, CERTIFIED BY
     LA BOARD OF LEGAL SPECIALIZATION
[2]  ALSO ADMITTED IN TEXAS
[3]  SPECIALIST IN ESTATE PLANNING &
     ADMINISTRATION, CERTIFIED BY LA BOARD
     OF LEGAL SPECIALIZATION
[4]  SPECIALIST IN BUSINESS BANKRUPTCY,
     CERTIFIED BY LA BOARD OF LEGAL
     SPECIALIZATION
[5]  ALSO ADMITTED IN KANSAS
[6]  ALSO ADMITTED IN TENNESSEE

# GOLD WEEMS

B R U S E R   S U E S   &   R U N D E L L

A Professional Law Corporation
2001 MacArthur Drive
Post Office Box 6118
Alexandria, Louisiana   71307-6118
Tel: (318) 445-6471      Fax: (318) 445-6476
Toll free: (866) 302-6283
www.goldweems.com
WRITER'S EMAIL: mcrenshaw@goldweems.com

May 25, 2018

Robin Hooter                                    *Via Hand Delivery*
Clerk of Court - Rapides Parish
P.O. Box 952
Alexandria, LA 71301

Re:   *Ladonna D. Michot and Burchon Michot v. Edward D. Jones & Co, LP and Larry Hair*
      Civil Suit Number: 261,718 "A"
      Ninth Judicial District Court, Parish of Rapides, State of Louisiana

Dear Mrs. Hooter:

Enclosed please find an original of the following pleadings which we would appreciate you filing in the records of your Court:

1.   Defendant, Larry Hair's Peremptory Exception of Prescription, Memorandum in Support and proposed Order;

2.   Answer and Affirmative Defenses by Defendant, Larry Hair to Plaintiffs' Petition for Damages and Trial by Jury;

3.   Defendant, Larry Hair's Peremptory Exception of No Cause of Action, Memorandum in Support and proposed Order; and

4.   Defendant, Larry Hair's Dilatory Exception of Vagueness, Memorandum in Support and proposed Order.

**PLEASE SERVE ALL OF THESE PLEADINGS IN ONE PACKET TO PLAINTIFFS' ATTORNEY, NELSON W. CAMERON, ATTORNEY AT LAW, 675 JORDAN STREET, SHREVEPORT, LA 71101.**

GOLD, WEEMS, BRUSER, SUES & RUNDELL

Robin Hooter
May 25, 2018
Page 2

Additionally, we ask that you please provide us with certified copies of any order already entered in this matter fixing or scheduling this matter for trial, whether on exceptions, on a rule or on the merits.

We also request that you give us written notice at least ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, on a rule or on the merits. We also request that you send us immediate notice of any order or judgment made or rendered in this case upon the entry of such order or judgment.

A copy of this pleading is attached which we ask that you please stamp in acknowledgment of receipt and filing of this pleading and return to us.

Our firm check in the amount of $300.00 is enclosed to cover the costs associated with this request. By copy of this correspondence, we have advised all known counsel of the foregoing.

With kind regards, I remain

Respectfully yours,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _Martha R Crenshaw_
        Martha R. Crenshaw

MRC/evg
Enclosures
cc:     Nelson W. Cameron (w/enc)
        *Attorney at Law*
        675 Jordan Street
        Shreveport, LA 71101

        Monique Doucette (w/enc)
        *Ogletree Deakins*
        701 Poydras Street, Suite 3500
        New Orleans, LA 70139

CIVIL SUIT NUMBER: 261,718 "A"

| | |
|---|---|
| LADONNA D. MICHOT<br>AND BURCHON MICHOT | NINTH JUDICIAL DISTRICT COURT |
| VERSUS | PARISH OF RAPIDES |
| EDWARD D. JONES & CO, LP<br>AND LARRY HAIR | STATE OF LOUISIANA |

**ANSWER AND AFFIRMATIVE DEFENSES BY DEFENDANT, LARRY HAIR TO
PLAINTIFFS' PETITION FOR DAMAGES AND TRIAL BY JURY**

NOW INTO COURT, through undersigned counsel, comes Defendant, Larry Hair,

("Defendant") who, files this Answer and Affirmative Defenses in response to the Petition

for Damages and Trial by Jury (the "Petition") filed by Plaintiffs, LaDonna D. Michot and

Burchon Michot, (collectively the "Plaintiffs") as follows:

1.

The allegations of Paragraph I of the Petition constitute a recitation of the named

Plaintiffs in this lawsuit, and do not require a response from Defendant. Further

responding, Defendant denies any and all liability to Plaintiffs based on the allegations set

forth in the Petition.

2.

The allegations of Paragraph II of the Petition  constitute a recitation of the named

Defendants in this lawsuit, and  do not require a response from Defendant. To the extent

a response is required, Defendant admits that Plaintiff named Defendant, in this lawsuit.

Further answering, Defendant denies liability to Plaintiffs in any for or manner

whatsoever.

3.

The allegations of Paragraph III of Plaintiffs' Petition  are denied for lack of

information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph IV of Plaintiffs' Petition  are denied and

denied for lack of information sufficient to justify a belief therein. Further responding,

Defendant specifically denies any and all liability to Plaintiff based on the allegations of

"sexual harassment" in the Petition.

5.

The allegations contained in Paragraph V of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph VI of Plaintiffs' Petition are denied as written and for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph VII of Plaintiffs' Petition are denied, denied as written, and denied for lack of information sufficient to justify a belief therein.

8.

Defendant admits that he was terminated from Edward Jones. The remaining allegations contained in Paragraph VIII of the Petition are denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in Paragraph IX of Plaintiffs' are denied.

10.

The allegations contained in Paragraph X of Plaintiffs' Petition are denied.

11.

The allegations contained in Paragraph XI of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

12.

The allegations contained in Paragraph XII of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein. Moreover, Defendant specifically excepts to the vagueness of Plaintiff's Petition based on the statements made in Paragraph XII of the Petition.

13.

The allegations contained in Paragraph XIII of Plaintiffs' Petition are denied for lack of information sufficient to justify a belief therein.

14.

The allegations and request for relief set forth in the Wherefore Prayer of Plaintiffs' Petition is denied.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING**, Defendant respectfully submits the following Affirmative Defenses to the allegations contained in the Petition.

### FIRST DEFENSE

With respect to one (1) or all of Plaintiff's claims against Defendant, Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Petition is vague and ambiguous.

### THIRD DEFENSE

The alleged incident/s described in the Petition and the alleged damages of Plaintiff, if any, were not caused by any fault, negligence, and/or liability attributable to the Defendant, but were instead caused by the fault and/or negligence of Plaintiff in the following non-exclusive particulars, which serve to reduce Plaintiff's recovery sought, in whole or in part:

(A) Failing to do what should have been done;
(B) Failing to act as a reasonable person under the circumstances;
(C) Failing to exercise due care for her own safety;
(D) Consenting to and willingly participating in conduct with the Defendant.

### FOURTH DEFENSE

Plaintiff, Ladonna Michot, herself, was guilty and/or can be computed with comparative negligence and/or assumption of the risk, which comparative negligence and/or assumption of the risk is a complete bar to the recovery of plaintiff; and/or, in the alternative, Plaintiff has failed to mitigate her damages; and/or Plaintiff's alleged damages should be reduced by the percentage of comparative negligence attributable or imputed to Plaintiff.

### FIFTH DEFENSE

Defendant is not liable of negligence, fault, or strict liability, which could be considered a cause-in-fact or legal or proximate cause of the incident or damages alleged

by Plaintiff, and no negligence, fault or strict liability can be imputed to Defendant.

## SIXTH DEFENSE

Plaintiff has failed to mitigate her damages, if any such damages are found to exist, and any such damages proven at trial must be reduced accordingly.

## SEVENTH DEFENSE

Some or all of Plaintiff's claims and/or some or all of the relief requested in the Complaint are barred by the doctrine of waiver and/or estoppel.

## EIGHTH DEFENSE

Some or all of Plaintiff's claims and/or some or all of the relief requested in the Complaint are barred by the doctrines of prescription, statute of limitations, and/or failure to exhaust administrative prerequisites and/or remedies and/or notice requirements.

## NINTH DEFENSE

Defendant specifically avers any and all affirmative defenses specifically enumerated in the La. Code Civ. P. Art. 1005 and Fed. R. Civ. P. Art. 8(c), which are applicable to this case and/or any and all affirmative defenses recognized by this jurisprudence, and these are pled herein as if copied herein *in extenso* to the extent they apply.

## TENTH DEFENSE

In the alternative, Defendant pleads the principles of Louisiana Civil Code Articles 2323 and 2324 as a matter of defense herein, and shows that the Defendant is not responsible for the acts of other parties whose fault may have caused or contributed to any alleged injuries sustained by the Plaintiff.

## ELEVENTH DEFENSE

Defendant pleads La. Code Civ. P. Art. 863 is applicable in order to recover sanctions, attorney's fees, and costs should the allegations of this cause of action be found to be unfounded, un-investigated, or frivolous.

## TWELFTH DEFENSE

At all times, Defendant acted in good faith and conducted himself reasonably under the circumstances.

## THIRTEENTH DEFENSE

Defendant avers that  Plaintiff should not recover for any payments, injuries, or damages, which result from pre-existing or subsequent conditions, which were not proximately caused by this accident or incident.  Defendant cannot be held liable for such damages to the extent they were sustained in other accidents or incidents.

## FOURTEENTH DEFENSE

Defendant affirmatively asserts the Plaintiff has no right to recover for any amounts written off or contractually adjusted by any health care provider because of that provider's receipt of Medicare and/or Medicaid payments for any medical treatment  plaintiffs' medical treatment.

## FIFTEENTH DEFENSE

It is further affirmatively pled the Plaintiff has no right of action to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by them and by operation of law to Medicare and/or Medicaid.

## SIXTEENTH DEFENSE

Defendant further affirmatively asserts if any payments were made by Medicaid or if any medical treatment was provided by any state medical or health care provider of if any medical treatment was paid for by any state agency or department, any right to recover those payments or any obligation created on the part of these defendants for those payments or treatments have been extinguished by confusion.

Defendant reserves the right to assert additional affirmative defenses as may appear applicable during the course of this litigation.

Respectfully submitted,

GOLD, WEEMS, BRUSER, SUES & RUNDELL

By: _Martha R Crenshaw_

Steven M. Oxenhandler (#28405)
Martha R. Crenshaw (#27420)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476

**ATTORNEYS FOR DEFENDANT, LARRY HAIR**

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the above and foregoing Answer and Affirmative Defenses has been filed and sent to all known counsel of record by placing a copy of same, postage prepaid and properly addressed, in the United States Mail:

Nelson W. Cameron
*Attorney at Law*
675 Jordan Street
Shreveport, LA 71101

Monique Doucette
*Ogletree Deakins*
701 Poydras Street, Suite 3500
New Orleans, LA 70139

Alexandria, Louisiana, this 25th day of May, 2018.

OF COUNSEL

CIVIL SUIT NUMBER: 261,718 "A"

LADONNA D. MICHOT
AND BURCHON MICHOT

NINTH JUDICIAL DISTRICT COURT

VERSUS

PARISH OF RAPIDES

EDWARD D. JONES & CO, LP
AND LARRY HAIR

STATE OF LOUISIANA

## DEFENDANT, LARRY HAIR'S, PEREMPTORY
## EXCEPTION OF PRESCRIPTION

**NOW INTO COURT**, through undersigned counsel, comes Defendant, LARRY

HAIR, who, pursuant to Louisiana Code of Civil Procedure Article 927, respectfully excepts

to Plaintiffs, LaDonna D. Michot and Burchon Michot's, claims for sexual battery and

assault as set forth in their Petition for Damages and Trial by Jury (the "Petition"), arising

prior to April 26, 2017 because they are prescribed.

The basis for this exception is set forth in the attached memorandum, which is

incorporated herein by reference.

**WHEREFORE, DEFENDANT, LARRY HAIR,** prays that this Peremptory

Exception of Prescription be **SUSTAINED** and that all prescribed claims against

Defendant, Larry Hair, for sexual battery and/or sexual assault arising prior to April 26,

2017 be dismissed with full prejudice, and with all costs related to this exception assessed

against Plaintiffs. Defendant further prays for all other relief to which it is entitled, whether

in law or in equity.

Respectfully submitted,

GOLD, WEEMS, BRUSER, SUES & RUNDELL

By: _Martha R Crenshaw_
     Steven M. Oxenhandler, T.A. (#28405)
     Martha R. Crenshaw (#27420)
     2001 MacArthur Drive
     PO Box 6118
     Alexandria, LA 71307-6118
     Phone: (318) 445.6471
     Facsimile (318) 445.6476
**ATTORNEYS FOR DEFENDANT, LARRY HAIR**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing Peremptory Exception

of Prescription has been filed and sent to all known counsel of record by placing a copy of

same, postage prepaid and properly addressed, in the United States Mail:

Nelson W. Cameron
*Attorney at Law*
675 Jordan Street
Shreveport, LA 71101

Monique Doucette
*Ogletree Deakins*
701 Poydras Street, Suite 3500
New Orleans, LA 70139

Alexandria, Louisiana, this 25th day of May, 2018.

OF COUNSEL

2

CIVIL SUIT NUMBER: 261,718 "A"

LADONNA D. MICHOT                    NINTH JUDICIAL DISTRICT COURT
AND BURCHON MICHOT

VERSUS                               PARISH OF RAPIDES

EDWARD D. JONES & CO, LP             STATE OF LOUISIANA
AND LARRY HAIR

### ORDER

Considering the foregoing Peremptory Exception of Prescription,

**IT IS ORDERED** that Plaintiffs show cause on the __18th__ day of __June__, 2018

at __9:30__ a.m. why the exception of no cause of action should not be sustained with costs

being assessed against the Plaintiffs.

**THUS DONE AND SIGNED** at Alexandria, Parish of Rapides, State of Louisiana

this __30th__ day of __May__, 2018.

_____
HONORABLE MONIQUE F. RAULS
JUDGE - NINTH JUDICIAL DISTRICT COURT

**Please serve at least 15 days before the hearing**
Ladonna D. Michot
and Burchon Michot
*Through their attorney of record*
Nelson W. Cameron
*Attorney at Law*
675 Jordan Street
Shreveport, LA 71101

FILED & RECORDED
ROBIN L. HOOTER
CLERK OF COURT
2018 MAY 30  AM 11: 17
BY _____ CLERK & RECORDER
RAPIDES PARISH LA

8

CIVIL SUIT NUMBER: 261,718 "A"

LADONNA D. MICHOT                         NINTH JUDICIAL DISTRICT COURT
AND BURCHON MICHOT

VERSUS                                    PARISH OF RAPIDES

EDWARD D. JONES & CO, LP                  STATE OF LOUISIANA
AND LARRY HAIR

## DEFENDANT, LARRY HAIR'S, MEMORANDUM IN SUPPORT PEREMPTORY EXCEPTION OF PRESCRIPTION

NOW INTO COURT, through undersigned counsel, comes Defendant, LARRY

HAIR ("Defendant"), who files this memorandum in support of his Peremptory Exception

of Prescription filed herewith and respectfully states as follows:

I.    **BACKGROUND**

On April 26, 2018, Plaintiff instituted the captioned matter against Larry Hair ("Mr.

Hair") and his former employer, Edward Jones & Co. Therein, Plaintiff asserts claims

against Mr. Hair for **assault and sexual battery** arising from alleged unwanted sexual

conduct and other behavior she contends took place while she worked for Edward Jones

in several of its branch offices in Alexandria and Pineville, Louisiana. Petition ¶ VII and

XII. In Paragraph VII of the Petition, Plaintiff lists examples of the alleged sexual assault

and battery instances she contends occurred without her consent.

Importantly, Plaintiff claims that the alleged assault and battery began in February

2016 and **ended on April 26, 2017.** Specifically, she states "[t]he last assault happened

April 26, 2017." Plaintiff filed this lawsuit on **April 26, 2018** – one year after she claims the

*last* sexual assault or battery occurred. As discussed below, claims for sexual assault or

battery have a one year prescriptive claim which begins to run at the time the battery or

assault occurs. Accordingly, all of Plaintiff's claims for sexual assault or battery arising

prior to April 26, 2017 are prescribed and should be dismissed, with prejudice.

II.   **LAW AND ARGUMENT**

Under Louisiana law, claims for civil claims of assault and battery have a one-year

prescriptive period. La. Civ. Code art. 3492 (one-year prescriptive period for delictual

actions); *see Cacioppo v. Alton Ochsner Foundation Hosp.*, 01-808 (La. App. 5 Cir. 12/26/07),

806 So.2d 803, 806, writ denied, 812 So.2d 634 (battery claim barred after one year); *Carter v. Godfrey*, No. 02-CV-0079, 2002 WL 31780161, at *1 (E.D. La. Dec. 10, 2002) (same). While Plaintiff suggests that Mr. Hair's conduct was continuous between February 2016 and April 26, 2017, each instance of alleged assault and battery had a separate prescriptive period – which began running on the date of the alleged assault or battery.  The Court in *Laughlin v. Breaux*, 515 So.2d 480 (La. App. 1 Cir. 1987) faced a similar issue. In that case, Plaintiff's petition, filed on **March 28, 1985**, alleged that Defendant had beaten, raped, or verbally abused her on the following dates: December 23, 1982; Mardi Gras, 1983; Summer, 1983; November, 1983; Mardi Gras, 1984; June 2, 1984; June 9, 1984; June 16, 1984; August 25 and 28, 1984; September 16, 1984; December 7, 1984; and February 27, 1985. Plaintiff (like the Plaintiff in this case) further alleged that the list of dates was not exclusive. The Defendant in *Laughlin* filed a peremptory exception of prescription as to all incidents occurring one year prior to suit being filed under LSA–C.C. art. 3492.

At trial, Defendant re-urged an exception of prescription. The trial judge sustained the exception. On appeal, Plaintiff asserted, in part, that the continuous tort doctrine tolled prescription such that all of Plaintiff's claims were timely. The appellate court disagreed and explained, in pertinent part:

> Nor do we find any merit to Plaintiff's contentions that Defendant's actions constituted a continuing tort. The principle of a continuing tort only applies when continuous conduct causes continuing damages. *South Central Bell Telephone Co. v. Texaco Inc.*, 418 So.2d 531 (La.1982) **In this action each incident of battery and of assault is separate, and gives rise to a separate cause of action.** *See Bouton v. Allstate Insurance Co.*, 491 So.2d 56 (La.App. 1st Cir.1986). **Thus, the conduct of Defendant is not continuous. Prescription runs from the date damages are sustained; damages are sustained from the date the injury is inflicted if they are immediately apparent to the victim, even though the extent of the damages may not be known.** *Home Insurance Co. v. Highway Insurance Underwriters*, 52 So.2d 449 (La.App. 1st Cir.1951). In this action, Plaintiff testified as to several different incidents of abuse by Defendant. After the abuse, she was physically bruised and sore, and emotionally upset. These injuries were immediately apparent. Prescription runs from this time . . . For these reasons, we find that the trial judge was correct in ruling that Plaintiff's cause of action for any incidents occurring prior to March 28, 1984 had prescribed.

*Laughlin*, 515 So.2d at 482-83.

Similarly, in *Jones v. State ex rel. Dept. of Corrections*,  2013 WL 5918755, 2013-0482

(La.App. 1 Cir. 11/1/13), the Plaintiff, an inmate at the Louisiana Correctional Institute for

Women (LCIW) in St. Gabriel, Louisiana, filed a petition for damages against the State of

Louisiana through the Department of Corrections (the State) and Deacon Joseph Mamou,

the prison chaplain at LCIW. Briefly, Ms. Jones alleged that she began spiritual counseling

with Deacon Mamou in 2000, became employed by him at his prison office in 2001, and

was subjected to his unwanted sexual advances beginning in early 2002 continuing until

September or October 2003. In her petition, Ms. Jones alleged Deacon Mamou's conduct

constituted a "continuing tort" against her and that the State, as his employer, was

vicariously liable for damages he caused her. She also alleged that LCIW officials knew

Deacon Mamou had a history of "illicit and illegal conduct with other inmates," including

the exploitation of females he was counseling, and that the State was liable for failing to

protect those within its custody from "unlawful sexual depredation." The State and Deacon

Mamou filed, inter alia, an exception of prescription which was granted by the trial court.

That decision was affirmed on appeal. Relevant to the case before this Court, the

appellate court explained:

> For prescription purposes, if damages are immediately apparent to the
> victim, prescription begins to run from the date the injury is inflicted. As set
> forth in Ms. Jones's petition, each coerced sexual act described above,
> beginning in January 2002, immediately produced "particular damages
> flowing from each occurrence" that were unlawful and "immediately
> apparent." . . . Certainly, each coerced sexual encounter was sufficient to
> trigger Ms. Jones's awareness that her rights had been violated by Deacon
> Mamou and that she should act to protect those rights.

*Jones*, at * 7-8 (internal citations omitted). *See also e.g., Fontaine*, 625 So.2d at 552 (sexual

abuse suffered by the victim resulted in "immediately apparent damages" at the time the

abuse occurred, and those damages were not dependent on a cumulation of events); and

*State ex rel. Div. of Admin., Office of Risk Management v. National Union Fire Insurance*

*Company of Louisiana*, 2007–1134 (La.App. 1st Cir.2/8/08), 984 So.2d 91, 95, writ denied,

2008–0548 (La.4/25/08), 978 So.2d 370 (in order for alleged negligent acts to be the basis

of a separate tort, the complained-of conduct must consist of separate and distinct acts,

each of which gives rise to immediately apparent damages); *Woods v. St. Charles Parish*

*School Board*, 01–162 (La.App. 5th Cir, 6/27/01), 790 So.2d 696, 702; *Hunter v. Tensas Nursing*

5

*Home*, 32,217 (La. App. 2 Cir. 10/27/99), 743 So.2d 839, 842 (multiple events of a similar nature did not give rise to a continuous course of action); and *Donald v. Benson Motor Co.*, No. 97-CV-1734, 1998 WL 387715, at *4 (E.D. La. July 9, 1998) (even when there is a continuous course of action, individual incidents may be "so severe that they could possibly be looked upon as constituting independent, discrete causes of action" subject to separate prescriptive periods).

The analysis in *Laughlin* and *Jones* and the other cited jurisprudence is directly applicable in this case. Plaintiffs make claims against Mr. Hair for, *inter alia*, sexual assault and battery related to specific acts of touching and language (all of which Defendant denies) which occurred between February 2006 and April 26, 2017. **Each of those alleged acts of sexual assault or battery constitutes a separate and distinct tort** – of which Plaintiff was readily aware of at the time that they purportedly occurred. Stated similarly, if Plaintiff was damaged by the alleged battery and assault described in the Petition, she had knowledge of those damages at the time they occurred. This is not a case where Plaintiff did not have knowledge of her damages (or the purported extent of her damages) until some cumulation of events.

Plaintiff waited until April 26, 2018 to institute this lawsuit – exactly one year after she claims the last alleged battery or assault took place. For the reasons set forth herein, all of Plaintiff's claims against Mr. Hair arising from alleged battery or assault prior to April 26, 2017 are prescribed and she be dismissed with prejudice.

## III.   CONCLUSION

For the foregoing reasons, Defendant's Exception of Prescription should be sustained, dismissing all of Plaintiffs' claims for assault and battery arising prior to April 26, 2017.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: _Martha R Crenshaw_

Steven M. Oxenhandler (#28405)
Martha R. Crenshaw (#27420)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476

**ATTORNEYS FOR DEFENDANT, LARRY HAIR**

FILED & RECORDED
ROBIN L. HOOTER
CLERK OF COURT

2018 MAY 25  PM 3:22

BY: _____
DY. CLERK & RECORD
RAPIDES PARISH L

STATE OF LOUISIANA, PARISH OF RAPIDES
I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS
A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE
AND OF RECORD IN THIS OFFICE.
IN FAITH, WHEREOF, WITNESS MY HAND AND SEAL OF
OFFICE, AT ALEXANDRIA, LOUISIANA, THIS _____
DAY OF _____ A.D., 20___
ROBIN L. HOOTER
BY: _____
DY. CLERK OF COURT

7