

Lewis House

# Nelson W. Cameron

*Attorney at Law*
*675 Jordan Street*
*Shreveport, Louisiana 71101*

July 10, 2018

(318) 226-0111
Fax No. (318) 226-0760

Honorable Robin L. Hooter
Rapides Parish Clerk of Court
Attn.: Civil Department
701 Murray Street, Suite 102
Alexandria, LA 71301

Re: LaDonna D. Michot and Burton Michot vs. Edward D. Jones & Co., LP and Larry Hair, Docket No.: 261,718 A, 9th Judicial District Court, Rapides Parish, Louisiana

Dear Honorable Hooter:

Enclosed please find the original and five copies of the First Amended Petition for Damages and Trial by Jury for filing. Please return a filed copy to me in the enclosed self-addressed and self-stamped envelope. A filing fee was not enclosed because there are funds available in Plaintiffs' account to over the cost of this filing.

If you have any questions, please call or write.

Sincerely yours,

Nelson W. Cameron

NWC/br

Enclosures

cc: Hon. Judge Rauls
LaDonna D. Michot and Burton Michot
Monique Gougisha Doucette
Sarah Spruill Couvillon

**EXHIBIT B**

| | |
|---|---|
| LADONNA D. MICHOT<br>AND BURTON MICHOT | DOCKET NO. 261,718 A |
| VS. | 9TH JUDICIAL DISTRICT COURT |
| EDWARD D JONES & CO, LP and<br>LARRY HAIR | RAPIDES PARISH, LOUISIANA |

## FIRST AMENDED PETITION FOR DAMAGES AND TRIAL BY JURY

NOW INTO COURT, through undersigned counsel, comes **LADONNA MICHOT and BURTON MICHOT,** husband and wife, Plaintiffs herein, domiciled in Rapides Parish, Louisiana, who respectfully represent that:

### A.

Since the institution of this case, Defendant Larry Hair has filed an Exception of Vagueness and Defendant Edward D. Jones has filed an Exception of No Cause of Action. In order to meet these exceptions, Plaintiffs file this their First Amended Petition with written consent obtained from Defendants:

"I

LADONNA DELRIE MICHOT and BURTON MICHOT, are husband and wife and were so married at all relevant times herein. Plaintiffs are domiciled in Rapides Parish, Louisiana, in Pineville, LA.

II.

Made Defendants herein are

(1) EDWARD D. JONES & CO., L.P., ("EDWARD D JONES") a foreign corporation licensed to do and doing business in the State of Louisiana. EDWARD D. JONES & CO., L.P. is a partnership. It employs more than fifteen employees. EDWARD D. JONES & CO., L.P.'s principal office is at 12555 MANCHESTER RD. ST. LOUIS, MO 63131. Its registered agent is C T CORPORATION SYSTEM, 3867 PLAZA TOWER DR., BATON ROUGE, LA 70816.

(2) LARRY HAIR, an individual domiciled in Rapides Parish. He was Plaintiff

LADONNA MICHOT's supervisor at EDWARD D JONES.

III.

Ms. Michot worked at two locations of Defendant over the past 12 years. Mrs. Michot worked in the Ball , Louisiana area and location until about May 3, 2017. She last worked at 5531 Monroe Hwy., Ball, La.

IV.

Mrs. Michot first became employed by Defendant EDWARD D JONES over twelve years ago in March 2005. She transferred to the Ball, La. area in April 2015. She was a Sr. Branch Office Administrator, earning $17.80 per hour. She performed her duties that were outstanding or exceeded expectations per yearly employee evaluations. She went on leave from her employment due to sexual harassment by Larry Hair, the Financial Advisor. Plaintiff suffered severe mental distress including PTSD and major depression due to the sexual harassment. Her last day at work was May 3, 2017. While she was out on leave, she was terminated effective February 12, 2018, after Edward Jones refused to accommodate Plaintiff with a position where she could work from home.

V.

Mrs. Michot worked at a branch office in Alexandria, La. in 2012. Her replacement supervisor, the financial advisor, was Mark Pritchard. She reported verbal harassment, rude and disrespectful behavior by Pritchard which was due to her gender. Some of the harassing statements are, but not limited to:

1.  Mr. Pritchard repeatedly referred to clients as "dumb mother-f**kers" in her presence.
2.  Mr. Pritchard stated, " I got arrested again and I got a fucking DUI now I have a f**king breathalyzer on my truck to allow it to start".
3.  Mr. Pritchard phoned, "I can't come to work right now I got f**ked up last night and I am hung over". (Missed a scheduled meeting with an auditor, Delores Mecham, in the office due to a hangover).
4.  Mr. Pritchard stated, "That was just a dumbass BOA, so she does not know what

she is talking about. (Referring to a female branch manager in the regional leader's office)

After the reports, Pritchard's behavior became more intense. Mrs. Michot transferred to the Ball branch and Mark Pritchard remained in his office. Mr. Pritchard retaliated by initiating a claim to human resources of an improper letter being mailed to clients after Mrs. Michot transferred when clients began transferring to her branch. EDWARD JONES became aware of these acts but failed to take prompt remedial action to protect female employees from harassment and other gender discrimination.

VI.

Beginning sometime around April 2015, there was an opening available in a Ball, La. branch office. Mr. Larry Hair became Mrs. Michot's supervisor. Like Pritchard, Hair had the power to hire and fire Mrs. Michot. He could approve raises and vacation.

VII.

Beginning around February 2016 after her transfer, and after Hair became her supervisor, Larry Hair committed numerous unwelcome sexually offensive acts against Mrs. Michot at the Alexandria office where she worked on a regular ongoing weekly and sometimes daily basis including but not limited to:

1. Slapping her on the butt.

2. Sexually offensive language. Hair commented on Mrs. Michot's body and told her things he wanted to do to her sexually. He described how he liked to give oral sex and wanted to perform it on her. Mrs. Michot found these things offensive and told Mr. Hair that she did not care for the language. She reminded him that he was married and had children and suggested he seek counseling.

3. Sexual assault. Rubbing and squeezing her breasts through and under her shirt and bra. Hair placed his hands on Mrs. Michot's breasts without her consent. Hair conducted assaults while Mrs. Michot was seated at her desk while actively doing work for her employer. As these assaults began, Hair was advising Mrs. Michot about how to perform functions on her computer. The last assault happened April 26, 2017.

4. Hair grabbed and touched Mrs. Michot's body aggressively, putting his hands down her pants and squeezing her buttocks. He also placed his hands down inside the front of her pants very close to her vagina asking if she shaved "down there".

5. He pinned her up against a wall in the hallway and groped her as she was in the process of walking to the bathroom.

### VIII.

These acts were committed by Hair during work hours at a Edwards Jones' office, all in the course and scope of his employment. Hair used his supervisory position provided by Edward Jones to commit these acts. He would at times lean over Ms. Michot at her desk while she was working and attempt to assist her or instruct her on the performance of her duties. Due to Mrs. Michot's numerous refusals to the advances by Hair and Mrs. Michot's reactions to his advances, Hair knew he was inflicting serious mental distress upon her. She became visibly ill at work due to the incidents of assault and harassment.

### IX.

Mrs. Michot made a written complaint to Edward Jones which details some of these episodes. The complaint is attached and incorporated herein by reference. See Exhibit A. The complaint is signed by Ladonna Delrie Michot.

### X.

Mrs. Michot reported Mr. Hair to her employer. EDWARD JONES investigated. Mr. Hair reportedly admitted to the acts. Mr. Hair was fired. Mrs. Michot has not returned to work but was out on FMLA leave until January 2018. She had been suffering from PTSD and major depression.

### XI.

During the harassment at work, Mrs. Michot told Mr. Hair to stop the things he was doing. She tried to ignore him and used body language to show his disapproval.

She reminded him he was married and had children. She suggested he get counseling. Hair's sexually offensive conduct was unwelcome.

## XII.

Based upon information and belief, Mr. Hair had committed acts of sexually offensive nature on the job before his encounters with Mrs. Michot. These acts should have been known to EDWARD D JONES. Further EDWARD D JONES knew or should have known that the business model used in remote areas was conducive to sexual harassment and other discriminatory treatment of women. A branch office had two employees only: one male supervisor and one female subordinate. Almost without exception the male was always the supervisor and the female was the subordinate.

## XIII.

Mrs. Michot has also as a part of her duties, been a Mentor for Edward Jones for her district. The district encompassed parts of middle and southwestern Louisiana. As a part of her mentor duties, she communicates with other administrators about their experiences on the job. She is aware of other administrators filing complaints of harassment against financial advisors. She has become aware that financial advisors have retaliated against the reporter of harassment.

## XIV.

Mrs. Michot brings this Petition alleging that EDWARD JONES tolerated and condoned sexual harassment and retaliation arising under Louisiana state law; the acts of sexual harassment by Hair as plaintiff's supervisor make EDWARD D. JONES strictly liable. Not only did EDWARD D. JONES know of past acts of harassment by Hair and fail to adequately remedy those acts but EDWARD D. JONES also did not have an effective remedy against sexual harassment. Its policy against sexual harassment was ineffective. Further Mrs. Michot was not unreasonable in failing to take advantage of any such policy: she experienced sexual harassment by Pritchard, reported it but no remedial action was taken. She was retaliated against by Pritchard. In her position as mentor, she received information of complaints by others who were later retaliated against by their supervisors. Mrs. Michot also brings claims against Hair and their

former employer EDWARD D. JONES for sexual battery and intentional infliction of mental distress. Hair was acting in the course and scope of his employment with EDWARD D. JONES when he committed repeated acts of battery and intentional infliction of mental distress of a continuous nature because the acts took place at work during work hours, many times acts took place at her desk while Hair was assisting Mrs. Michot on the job. This Petition does not contain all details associated with the allegations or each and every act of battery or sexual harassment but enough information is provided to place Defendants on fair notice of the Plaintiffs' claims.

XV.

Plaintiff Burton Michot suffered loss of consortium damages in the form of loss of society, love and affection. Mrs. Michot suffers from major depression and PTSD. Those conditions have adversely affected the Plaintiffs' marriage, love life, and love.

XVI.

Plaintiffs LaDonna Michot suffered damages including compensatory damages, consequential damages, lost income, lost earning capacity, severe mental distress, embarrassment, humiliation, degradation, anxiety, invasion of privacy, loss of consortium, society, love and affection. Mrs. Michot suffers from major depression and PTSD as a result of the wrongful acts of Defendants.

XVII.

Plaintiff LaDonna Michot filed a Charge of Discrimination alleging sexual harassment with the EEOC on December 20, 2017, based upon the same circumstances as set forth herein. The EEOC issued Plaintiff LaDonna Michot a right to sue letter dated June 20, 2018. Plaintiff LaDonna Michot hereby asserts claims for sexual harassment and retaliation pursuant to 42 USC 2000e, et al, and seeks punitive damages against Edward Jones for its deliberate indifference to her federally protected rights and also seeks reasonable attorney fees.

XVIII.

After Mrs. Michot worked her last day on the job at Edwards Jones, she took FMLA leave due to her serious medical conditions including major depression and PTSD. When she was ready to return to work, she was only able to work from home due to the effects of major depression and PTSD. However, Edward Jones although able to do so, refused to bring her back to work under those circumstances. Instead Edward Jones retaliated against Ms. Michot for the complaints she made against Pritchard and Hair and would only employ her under the same conditions in a field office as originally employed. The sexual assaults and harassment described herein above were a violation of state law. She reported the violations to her employer. She suffered an adverse employment decision in the form of discharge. Her discharge was a direct result of her reports, all in violation of R.S. 23:967.

B.

Plaintiffs reitereate the allegations of their original petition to the extent they are not inconsistent with those herein.

C.

Plaintiffs request leave of court to file this their First Amended Petition.

WHEREFORE Plaintiffs B MICHOT and LADONNA MICHOT pray that:

I. They be granted leave of court to file their First Amended Petition.

II. Judgment against Defendants EDWARD D. JONES and LARRY HAIR, in solido, be rendered in their favor awarding a reasonable amount in compensatory, loss of consortium and consequential damages, lost wages, plus judicial interest from date of demand plus attorney fees and all costs of court.

III. They be granted a trial by jury.

Respectfully Submitted:

*/s/ signature*

---

Nelson W. Cameron
Attorney at Law
Bar number 01283
675 Jordan Street
Shreveport, La 71101
(318) 226-0111
**ATTORNEY FOR PLAINTIFFS**

**Please Serve Defendants through their attorneys of record**

Edward D. Jones & Co., L.P. through counsel fo record
Monique Gougisha Doucette
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Attorneys at
701 Poydras Street, Suite 3500
New Orleans, LA 70139

Larry Hair through his counsel of record,
Sarah Spruill Couvillon
Golds Weems, Bruser, Sues & Rundell
2001 MacArthur Drive
P. O. Box 6118
Alexandria, Louisiana 71307

| | |
|---|---|
| LADONNA D. MICHOT<br>AND BURTON MICHOT | DOCKET NO. 261,718 A |
| VS. | 9TH JUDICIAL DISTRICT COURT |
| EDWARD D JONES & CO, LP and<br>LARRY HAIR | RAPIDES PARISH, LOUISIANA |

SECTION "_____"

## ORDER

UPON CONSIDERING THE FOREGOING,

IT IS ORDERED that Plaintiffs LADONNA MICHOT and BURTON MICHOT are granted leave of court to file their First Amended Petition.

Alexandria, Louisiana, this the _____ Day of July, 2018.

_____
Judge, 9th Judicial District Court