UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **LADONNA D. MICHOT, ET AL AND BURTON MICHOT** | **CIVIL ACTION NO. 1:18-CV-00921** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **EDWARD D. JONES & CO, LP AND LARRY HAIR** | **MAGISTRATE JUDGE HORNSBY** |

**ANSWER BY DEFENDANT, LARRY HAIR TO PLAINTIFFS' FIRST AMENDED PETITION FOR DAMAGES AND TRIAL BY JURY**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Larry Hair, ("Defendant") who, files this Answer and Affirmative Defenses in response to the First Amended Petition for Damages and Trial by Jury (the "Amended Petition") filed by Plaintiffs, LaDonna D. Michot and Burton Michot, (collectively the "Plaintiffs") as follows:

A.

Paragraph Amended Petition does not require a response from Defendant. Further responding, Defendant consented to the filing of the Amended Petition, but denies all allegations contained herein.

I.

The allegations of Paragraph I of the Amended Petition constitute a recitation of the named Plaintiffs in this lawsuit, and do not require a response from Defendant. Further responding, Defendant denies any and all liability to Plaintiffs based on the allegations set forth in the Amended Petition.

II.

The allegations of Paragraph II of the Amended Petition constitute a recitation of the named Defendants in this lawsuit, and do not require a response from Defendant. To the extent a response is required, Defendant admits that Plaintiff named Defendant, in this lawsuit. Further answering, Defendant denies liability to Plaintiffs in any for or manner whatsoever.

III.

The allegations of Paragraph III of Plaintiffs' Amended Petition are denied for lack of information sufficient to justify a belief therein.

IV.

The allegations contained in Paragraph IV of Plaintiffs' Amended Petition are denied and denied for lack of information sufficient to justify a belief therein. Further responding, Defendant specifically denies any and all liability to Plaintiff based on the allegations of "sexual harassment" in the Amended Petition.

V.

The allegations contained in Paragraph V of Plaintiffs' Amended Petition are denied for lack of information sufficient to justify a belief therein.

VI.

The allegations contained in Paragraph VI of Plaintiffs' Amended Petition are denied as written and for lack of information sufficient to justify a belief therein.

VII.

The allegations contained in Paragraph VII of Plaintiffs' Amended Petition are denied, denied as written, and denied for lack of information sufficient to justify a belief therein.

VIII.

The allegations contained in Paragraph VIII of Plaintiffs' Amended Petition are denied.

IX.

The allegations contained in Paragraph IX of Plaintiffs' Amended Petition are denied as written and for lack of information sufficient to justify a belief therein.

X.

Defendant admits that he was terminated from Edward Jones. The remaining allegations contained in Paragraph X of Plaintiffs' Amended Petition are denied.

XI.

The allegations contained in Paragraph XI of Plaintiffs' Amended Petition are denied.

XII.

The allegations contained in Paragraph XII of Plaintiffs' Amended Petition are denied.

XIII.

The allegations contained in Paragraph XIII of Plaintiffs' Amended Petition are denied for lack of information sufficient to justify a belief therein.

XIV.

The allegations in Paragraph XIV of the Amended Petition are denied.

XV.

The allegations in Paragraph XV of the Amended Petition are denied and denied for lack of information sufficient to justify a belief therein.

XVI.

The allegations in Paragraph XVI of the Amended Petition are denied and denied for lack of information sufficient to justify a belief therein.

XVII.

The allegations in Paragraph XVII of the Amended Petition do not require a response from Defendant. To the extent that a response is required from Defendant, the statements in Paragraph XVII of the Amended Petition are denied.

XVIII.

The allegations in Paragraph XVIII of the Amended Petition are denied for lack of information sufficient to justify a belief therein.  Defendant further denies any and all allegations of sexual assault.

B.

Paragraph B of the Amended Petition does not require a response from Defendant. Further responding, Defendant denies any and all allegations of sexual assault or harassment set forth in the original or Amended Petitions.

C.

Wherefore the allegations and request for relief set forth in the Prayer of Plaintiffs' Amended Petition are denied.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING**, Defendant respectfully submits the following Affirmative Defenses to the allegations contained in the Amended Petition.

### FIRST DEFENSE

With respect to one (1) or all of Plaintiff's claims against Defendant, Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's Amended Petition is vague and ambiguous.

### THIRD DEFENSE

The alleged incident/s described in the Amended Petition and the alleged damages of Plaintiff, if any, were not caused by any fault, negligence, and/or liability attributable to the Defendant, but were instead caused by the fault and/or negligence of Plaintiff in the following non-exclusive particulars, which serve to reduce Plaintiff's recovery sought, in whole or in part:

(A) Failing to do what should have been done;
(B) Failing to act as a reasonable person under the circumstances;
(C) Failing to exercise due care for her own safety;
(D) Consenting to and willingly participating in conduct with the Defendant.

### FOURTH DEFENSE

Plaintiff, Ladonna Michot, herself, was guilty and/or can be computed with comparative negligence and/or assumption of the risk, which comparative negligence and/or assumption of the risk is a complete bar to the recovery of plaintiff; and/or, in the alternative, Plaintiff has failed to mitigate her damages; and/or Plaintiff's alleged damages should be reduced by the percentage of comparative negligence attributable or imputed to Plaintiff.

### FIFTH DEFENSE

Defendant is not liable of negligence, fault, or strict liability, which could be considered a cause-in-fact or legal or proximate cause of the incident or damages alleged by Plaintiff, and no negligence, fault or strict liability can be imputed to Defendant.

### SIXTH DEFENSE

Plaintiff has failed to mitigate her damages, if any such damages are found to exist, and any such damages proven at trial must be reduced accordingly.

**SEVENTH DEFENSE**

Some or all of Plaintiff's claims and/or some or all of the relief requested in the Complaint are barred by the doctrine of waiver and/or estoppel.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims and/or some or all of the relief requested in the Complaint are barred by the doctrines of prescription, statute of limitations, and/or failure to exhaust administrative prerequisites and/or remedies and/or notice requirements.

**NINTH DEFENSE**

Defendant specifically avers any and all affirmative defenses specifically enumerated in the La. Code Civ. P. Art. 1005 and Fed. R. Civ. P. Art. 8(c), which are applicable to this case and/or any and all affirmative defenses recognized by this jurisprudence, and these are pled herein as if copied herein *in extenso* to the extent they apply.

**TENTH DEFENSE**

In the alternative, Defendant pleads the principles of Louisiana Civil Code Articles 2323 and 2324 as a matter of defense herein, and shows that the Defendant is not responsible for the acts of other parties whose fault may have caused or contributed to any alleged injuries sustained by the Plaintiff.

**ELEVENTH DEFENSE**

Defendant pleads La. Code Civ. P. Art. 863 is applicable in order to recover sanctions, attorney's fees, and costs should the allegations of this cause of action be found to be unfounded, un-investigated, or frivolous.

**TWELFTH DEFENSE**

At all times, Defendant acted in good faith and conducted himself reasonably under the circumstances.

**THIRTEENTH DEFENSE**

Defendant avers that Plaintiff should not recover for any payments, injuries, or damages, which result from pre-existing or subsequent conditions, which were not proximately caused by this accident or incident. Defendant cannot be held liable for such damages to the extent they were sustained in other accidents or incidents.

**FOURTEENTH DEFENSE**

Defendant affirmatively asserts the Plaintiff has no right to recover for any amounts written off or contractually adjusted by any health care provider because of that provider's

receipt of Medicare and/or Medicaid payments for any medical treatment plaintiffs' medical treatment.

## FIFTEENTH DEFENSE

It is further affirmatively pled the Plaintiff has no right of action to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by them and by operation of law to Medicare and/or Medicaid.

## SIXTEENTH DEFENSE

Defendant further affirmatively asserts if any payments were made by Medicaid or if any medical treatment was provided by any state medical or health care provider of if any medical treatment was paid for by any state agency or department, any right to recover those payments or any obligation created on the part of these defendants for those payments or treatments have been extinguished by confusion.

Defendant reserves the right to assert additional affirmative defenses as may appear applicable during the course of this litigation.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: s/Martha R. Crenshaw
Steven M. Oxenhandler (#28405)
Martha R. Crenshaw (#27420)
2001 MacArthur Drive
P.O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
**ATTORNEYS FOR DEFENDANT, LARRY HAIR**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing Answer to Plaintiffs First Amended Complaint has this date been filed ain this matter using the Court's CM/ECF filing system. Notice of this filing will be electronically provided to all counsel or record via the Court's CM/ECF filing system.

Alexandria, Louisiana, this 23rd day of July, 2018.

s/Martha R. Crenshaw<br>
OF COUNSEL